

**Mark M. Makhail**
Partner

T. 973-639-2092
F. 973-206-3794

mmakhail@mccarter.com

McCarter & English, LLP

Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

www.mccarter.com

May 18, 2026

**VIA ECF**

Hon. Robert Kirsch, U.S.D.J.
Hon. Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 4E
Trenton, NJ 08608

> Re: *Nivagen Pharmaceuticals LLC v. Sun Pharmaceuticals Industries, Inc. et al.,*
> Civil Action No. 25-15210

Dear Judge Kirsch and Judge Bongiovanni:

This office, along with Upadhye Tang, LLP, represents Plaintiff/Counterclaim Defendant Nivagen Pharmaceuticals LLC ("Nivagen") in the above referenced matter. Nivagen submits this letter to advise the Court of its understanding of the issues pending or potentially to be raised in this matter, for two purposes: (1) in response to Judge Kirsch's inquiries regarding the status of this case, including the discussion regarding a possible case schedule, that occurred during the April 15, 2026 *Markman* hearing; and (2) to assist the Court in advance of the discovery hearing scheduled for May 26, 2026 at 1:30 PM.

### 1.    Discovery Disputes Pending Before the Court

The parties identify the following discovery disputes pending before the Court:

1. **Nivagen's Letter Request Seeking an Order Compelling the Deposition of Dr. Shravanti Bhowmik.** *See* ECF No. 135 (Joint Letter). Nivagen seeks an order compelling Sun to produce Dr. Shravanti Bhowmik for deposition in the United States. Sun opposes the requested relief.

2. **Nivagen's Letter Request Seeking an Order Compelling Further Responses to Nivagen Interrogatory Nos. 16 & 18.** *See* ECF Nos. 147 (Nivagen's Letter), 150 (Sun's Letter).

   a. Nivagen's Interrogatory No. 16 asks Sun to provide a particularized description of information constituting the allegedly misappropriated trade secrets, identifying the entity that owns the trade secret, identifying the measures taken to protect the trade secret, and identifying the economic value derived from the secrecy of the specified trade secret. Nivagen contends that Sun has not provided the full scope of information in response to Interrogatory No. 16, whereas Sun contends its response is sufficient.

Honorable Robert Kirsch & Tonianne J. Bongiovanni
May 18, 2026
Page 2

    b. Nivagen's Interrogatory No. 18 asks Sun to identify, among other things, its contentions, for each trade secret individually, about how Nivagen misappropriated the trade secret, and what harm Sun contends resulted from the alleged misappropriation. Nivagen contends that Sun has not provided the full scope of information in response to Interrogatory No. 18, whereas Sun contends its response is sufficient.

3. **Sun's Letter Seeking Relief on Discovery Disputes (Nivagen's Responses to Sun Interrog. Nos. 22 & 24, Privilege Clawback of NIVAGEN_PHENOBARB_0199172, Nivagen's Document Collection).** *See* ECF Nos. 152 (Sun's Letter), 154 (Nivagen's Letter).

    a. Sun's Interrogatory No. 24 seeks information regarding Nivagen's preservation, collection of information stored on the laptop of a former employee, Vishal Narang. Sun contends that Nivagen has not provided all relevant, non-privileged information in response to Interrogatory No. 24. Nivagen contends that it has provided an appropriate response.

    b. Sun's Interrogatory No. 22 seeks information about Nivagen's possession and knowledge of information about Sun or Sun's phenobarbital sodium drug product that Nivagen had before the FDA approval of Sun's phenobarbital drug product. Sun contends that Nivagen has not identified all information about Sun's phenobarbital sodium product and that its statement as to how it obtained any such information is conclusory. Nivagen contends that Nivagen provided a response to the reasonable scope of the interrogatory.

    c. Sun contends that Nivagen improperly clawed back and redacted a portion of NIVAGEN_PHENOBARB_0199172 because no attorney is on the correspondence. Nivagen contends that its clawback is proper because the subject information is attorney-client privileged legal advice.

    d. Sun contends that the Court should order Nivagen to search, collect, and review documents from third-party hosted platforms used by Nivagen as part of its document collection methodology. Nivagen contends that based on its reasonable search and inquiry, it believes no such search, collection, and review is necessary to meet its document production obligations.

4. **Sun's Letter Seeking Relief on Document Disputes (Nivagen's Responses to Sun RFP Nos. 56–58 and 63–67, Privilege Log).** *See* ECF Nos. 187 (Sun's Letter), 190 (Nivagen's Letter).

    a. Sun's Request for Production Nos. 56–58 seek all documents, information, and communications with, involving, or relating to Bharat Doshi, BioDev Services, or CBCC Global that concern, discuss, or mention Sun, SPARC, SEZABY®, or phenobarbital sodium. Sun contends that production of the full scope of the requests is appropriate. Nivagen offered a compromise position of producing

Honorable Robert Kirsch & Tonianne J. Bongiovanni
May 18, 2026
Page 3

non-privileged emails between Nivagen and Bharat Doshi, BioDev Services, or CBCC Global relating to development of Nivagen's lyophilized phenobarbital sodium product, but Sun rejected this compromise.

b.  Sun's Request for Production Nos. 63–67 seek the production of mobile messages between Nivagen and Vishal Narang, Bharat Doshi, BioDev Services, or CBCC Global relating to this lawsuit, Sun, SPARC, SEZABY®, or phenobarbital sodium. Sun contends that these mobile messages are relevant and discoverable. Nivagen contends that production is inappropriate, including because the operative e-discovery order deems mobile messages as not reasonably accessible and outside of collection and preservation obligations unless otherwise shown by good cause.

c.  Sun contends that Nivagen's privilege log does not adequately support privilege for certain entries and asks that all entries with third-parties listed be compelled to be produced and that all email attachments be separately logged. Nivagen contends that the dispute is premature and raised with inadequate specificity, that it appropriately logged email attachments, and that it has identified the bases for third-party listings in the privilege log or made corrections where appropriate.

### 2.  Foreign and Third-Party Discovery Issues

5.  **Letters Rogatory (Doshi and BioDev Services).** *See* ECF No. 191 (Sun's Letter). Sun has requested the Court's assistance by issuing letters rogatory to India to obtain documentary and oral testimony from Bharat Doshi and BioDev Services. Nivagen has indicated its opposition to the application and intends to file a response though it has not yet done so.

6.  **Letter Seeking Leave to File Motion to Compel (PAI).** *See* ECF No. 194 (Sun's Letter). Sun has sought leave from the Court to allow it to file a motion to compel documents based on a third-party subpoena issued PAI, an entity that acquired Nivagen earlier this year. Neither Nivagen nor PAI have yet responded to the letter, although PAI intends to file a response.

### 3.  Other Discovery Issues Not Yet Presented for the Court's Consideration

In addition to the disputes already pending before the Court, Nivagen identifies the following as discovery disputes that, depending on the parties' positions, have been the subject of correspondence and/or conversations between the parties and which may be presented to the Court for adjudication should the parties be unable to resolve their disputes:

7.  **Sun's Answers to Interrogatory Nos. 14, 15, 17, and 20.** Nivagen has propounded interrogatories that seek Sun's contentions about standing to assert trade secret misappropriation, its disclosure of Nivagen-designated confidential information to SPARC, its identification of harm purportedly attributable to Nivagen's trade secret misappropriation, and its investigation of specific allegations of its counterclaims prior

to filing suit. Nivagen contends that Sun has not provided a reasonable scope of response to each. Sun maintains that its current interrogatory responses are appropriate.

8. **Sun's Responses to Nivagen's Request for Production Nos. 75, 86, 87, 92, and 99.** Nivagen has propounded the following requests and is engaged with Sun regarding whether it will produce documents within the full or agreeably modified scope of each.

   a. Nivagen's Request for Production No. 75 seeks "[d]ocuments sufficient to ascertain the costs to Sun of development and commercialization of Sezaby® as broken into categories under general accounting principles on a quarterly basis and by allocation to specific entity."

   b. Nivagen's Request for Production Nos. 86 and 87 seek non-privileged documents sufficient to identify all people at Sun who had access to the trade secrets it claimed Nivagen misappropriated and to identify all people at Sun who were responsible for maintaining the secrecy of the asserted trade secrets.

   c. Nivagen's Request for Production Nos. 92 seeks documents about Sun's relationship with a Sun contractor it contends facilitated Nivagen's alleged trade secret misappropriation.

   d. Nivagen's Request for Production No. 99 seeks documents to show the scope of services by the same Sun contractor after the date of the alleged trade secret misappropriation, including the nature of any confidentiality obligations.

9. Sun has raised other issues with Nivagen regarding the production of specific documents and the scope of Nivagen's document collection efforts.

10. Sun has issued a document subpoena to CBCC Global. Nivagen is presently unaware of the status of CBCC Global's response to the subpoena, if any.

### 4.      Other Case Management Items

Nivagen identifies the following additional case management items as potential subjects of discussion at the upcoming discovery hearing:

11. **The Court's preference for form of submission of discovery disputes.** *See* ECF Nos. 147 at 1 (Nivagen's Position); 150 at 1–2 (Sun's Position). Nivagen contends that based on the Court's September 25, 2025 status hearing statements and the practice in this District, joint letters are the appropriate mechanism to submit discovery disputes for the Court's resolution. Sun contends that no operative rule requires such submissions and that it is appropriate to file letter requests without preparing a joint letter.

Honorable Robert Kirsch & Tonianne J. Bongiovanni
May 18, 2026
Page 5

12. **The parties' joint letter seeking amendment of the E-Discovery Order.** *See* ECF No. 122 (seeking modification of ECF No. 39). This letter request is unopposed and seeks to bring the rules governing electronic discovery more closely in line with those of this District.

13. **Setting a case schedule.** Nivagen submitted a letter seeking a case schedule (ECF No. 148); Sun opposed (ECF No. 151). The parties have conferred regarding a case schedule. Sun would like to proceed with a schedule that sets no firm end of fact discovery at this time but instead includes a status conference to evaluate; Nivagen would like a schedule with a date certain for the end of fact discovery.

We thank the Court for its attention to this matter.

Respectfully submitted,


*/s/ Mark M. Makhail*
Mark M. Makhail


cc:  All Counsel of Record (via ECF)

ME1\61106541.v1